UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAWN FELDMAN                                                    CIVIL ACTION

VERSUS                                                          NO: 16-13199

SOCIAL SECURITY ADMINISTRATION                                  SECTION: "J" (4)

## REPORT AND RECOMMENDATION

### I.     Introduction

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 of the United States Code § 405(g).  The Commissioner denied Dawn Feldman's claim for Supplemental Security Income Benefits under Title XVI of the Social Security Act, Title 42 United States Code § 1382c.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 United States Code § 636(b) for the submission of Proposed Findings and Recommendations.

### II.    Factual and Procedural Summary

Dawn Feldman is a fifty-one-year-old female who has a General Educational Development ("GED") education and who last worked on July 8, 2014 as a painter. R. Doc. 12-2, Tr. 26-28. Feldman filed for disability benefits with the Social Security Administration on July 23, 2014.[1] R. Doc. 12-5, Tr. 133-138. She alleges that she is disabled and unable to work because she suffers with chronic pain syndrome, degenerative disc disease of the lumbar spine with herniation of the L5-S1 vertebral disc, scoliosis and chronic pain syndrome. R. Doc. 12-3, Tr. 69.

---

[1] Feldman filed a previous application for social security income benefits on March 30, 2011 which was denied by Administrative Law Judge Philip P. McLeod on February 21, 2013. ( Tr. 59)

On August 21, 2014, the Social Security Administration ("SSA") found that Feldman was not disabled. *Id.* at Tr. 69-79. On August 28, 2014, she filed a request for a hearing with an Administrative Law Judge ("ALJ") in the Social Security Administration's Office of Hearings and Appeals. R. Doc. 12-4, Tr. 91-93. On November 30, 2015, Administrative Law Judge Christine Hilleren conducted a hearing in which she reviewed the SSA's decision to deny Feldman's application for Supplemental Security Income Benefits. R. Doc. 12-2, Tr. 21-44. On January 29, 2016, the ALJ found that Feldman was not disabled and not eligible for Supplemental Security Income Benefits. R. Doc. 12-2, Tr. 11-20.

On July 25, 2016, Feldman filed the subject complaint seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). R. Doc. 1. Both parties have submitted their briefs for consideration by the Court.[3]

### III.  **Findings of the Administrative Law Judge ("ALJ")**

On January 29, 2016, the ALJ, issued a decision denying Feldman's request for Supplemental Security Income Benefits. R. Doc. 12-2, Tr. 14-20.  The ALJ found that Feldman was not engaged in substantial gainful activity since July 8, 2014. *Id.* at Tr. 16.  She found that Feldman's degenerative disc disease of the lumbar spine with bulging or herniation of the L5-S1 vertebral disc, scoliosis, and chronic pain syndrome are severe impairments.  *Id.*

The ALJ further concluded that Feldman's impairments or combination of impairments did not equal or meet the requirements of any impairment listed in Appendix I, in 20 CFR Part 404, Subpart B, and Appendix 1. *Id.*  Specifically, the ALJ noted that she considered Listing 1.04 (*Disorders of the spine*) *Id.*  As a result, the ALJ found that Feldman had the residual functional capacity to perform a range of sedentary work.  The limitations were that she could lift and or carry

---

[3] R. Doc. Nos. 13 and 15.

(including pushing and pulling) ten pounds occasionally and less than ten pounds frequently, stand and or walk two hours per eight hour workday and sit for six hours per eight hour workday, but needs a cane to ambulate and must stand for thirty minutes after every thirty minutes of sitting while remaining on task at the work station. *Id.*

Feldman could occasionally stoop, kneel, crouch, crawl and climb ramps and stairs, but should never climb ladders and scaffolding. *Id.* The ALJ also held that Feldman is not able to perform any past relevant work, that she is a younger individual according to the regulations and that her job skills do not transfer to other occupations within the residual functional capacity. *Id.* at Tr. 19. Thereafter the ALJ found that considering Feldman's age, education, work experience and residual functional capacity there were jobs existing in significant numbers in the national economy *Id.* The ALJ concluded that Feldman has not been under a disability since July 8, 2014 the date her application was filed. *Id.* at Tr. 20.

After Feldman's request was denied at the administrative level, she sought review from the Appeals Council who denied her request on June 7, 2016. R. Doc. 12-2, Tr. 1-4. On July 25, 2016, Feldman filed a complaint in this court challenging the ALJ's decision on several grounds.

1. Whether the ALJ failed to consider the non-exertional limitations caused by the plaintiffs chronic pain such that his decision is not based upon substantial evidence?

2. Whether the ALJ erred in asserting that Feldman terminated her medical treatment due to no longer acquiring its services?

3. Whether the ALJ's opinion is based upon substantial evidence because she failed to give controlling weight to Feldman's treating physician's opinion?

R. Doc. 13, p. 3-5.

The Commissioner filed a reply brief contending that the ALJ's decision is based upon substantial evidence. R. Doc.15.

**IV**.	**Standard of Review**

The role of this Court on judicial review under Title 42 U. S. C. § 405(g) is to determine whether there is substantial evidence in the record to support the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgement for that of the Secretary. *Allen v. Schweitker,* 642 F.2d 799, 800 (5th Cir. 1981). Review of the Secretary's decision is limited to "whether [her] findings are supported by substantial evidence in the record and whether [she] applied the correct legal standards." *Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). An ALJ`s failure to apply the correct legal test constitutes a ground for reversal. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *See Richardson v Perales*, 402 U.S. 389, 401 (1971). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found where there is only a "conspicuous absence of credible choices" or "contrary medical evidence." *See Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act, as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted...for a constructive period of not less than twelve months." *See* 42 U.S.C. §§ 416(i)(1), 423 (d)(1)(A). Section § 423(d)(3) of the Act further defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Secretary applies a five-step sequential evaluation process. The Regulations governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if a claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do any work that exists in the national economy. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

If the record contains a medical opinion from a treating physician on the nature and severity of the claimant's impairments, the Commissioner's Regulations dictate that it must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 1527(d)(2); *see also Frey v. Brown*, 816 F.2d 508, 513 (10th Cir. 1987).

The Regulations provide that the ALJ will make a determination based on the available evidence if all evidence received by the ALJ, including medical opinions, is consistent. 20 C.F.R. § 404.1527(c)(1). The Regulations also contain a general rule that greater weight should be given to the medical opinions of treating sources because they are "more likely to be the medical professionals most able to provide a detailed, longitudinal picture" of a claimant's medical impairments. 20 C.F.R. § 404.1527(d)(2). However, if a medical opinion issued by a treating physician is not given controlling weight because it is not well-supported or inconsistent with

5

evidence in the record, then the Court will determine the appropriate weight to give the opinion based on a list of factors found in 20 C.F.R. § 404.1527(d).

In determining how much weight to give a treating physician's report, the ALJ must consider six enumerated factors: 1) the length of treatment relationship and frequency of examination, 2) the nature and extent of the treatment relationship, 3) the relevant evidence in support of the medical opinion, 4) the consistency of the medical opinions reflected in the record as a whole, 5) whether the medical provider is a specialist in the area in which he renders his opinions, and 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

Based on the examination of the aforementioned factors, the ALJ must decide how much weight to give the treating physician's opinion.  If the results from multiple factors suggest that the treating physician's opinion should be more closely considered despite its inconsistency or lack of support in the record, great weight should be given to it.  *See Mosca v. Massanari*, No. 01-10481, 2002 WL 511522, at *7 (D. Mass. Jan. 30, 2002).  In all situations, the Secretary must give specific, legitimate reasons if the ALJ's decision disregards the treating physician's opinion that a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 758 (10th Cir. 1988).

If the ALJ does not discuss or apply the factors listed in 20 C.F.R. § 404.1527(d), the Court may remand the case for re-evaluation if the ALJ assigned more weight to a non-treating source opinion than to the treating physician's medical opinion of the claimant. *See Mosca,* 2002 WL 511522 at *7 ("[T]he ALJ must consider six [20 C.F.R. § 404.1527(d)] factors"); *c.f. Baker v. Brown*, 886 F.2d 289, 291 (10th Cir. 1989).  In situations where the treating physician's opinion is not given controlling weight, the ALJ must also explain the amount of weight he has assigned to the opinions of State agency medical and psychological consultants. 20 C.F.R. § 404.1527(d)(2).

### V.    Analysis

####    A.    Whether the ALJ failed to consider the non-exertional limitations caused by the plaintiffs chronic pain such that his decision is not based upon substantial evidence?

The plaintiff contends that while the ALJ acknowledged that Feldman suffers from chronic pain she failed to consider any non-exertional limitations which would be caused by that pain. R. Doc. 13, p. 3. Feldman contends that the ALJ failed to consider time off-task and interference with attention and concentration considering that the limitations were specifically noted in Dr. Howard's Medical Source Statement. *Id.*

The Commissioner contends that the ALJ properly considered Feldman's chronic pain syndrome and also properly determined the extent of Feldman's non-exertional limitations based on the objective medical evidence as a whole. R. Doc. 15, p. 5.  In so doing the Commissioner contends that the ALJ properly discounted Dr. Howard's opinion because while he noted the presence of chronic pain syndrome there is no evidence supporting the examination findings.

The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994), *cert. denied*, 514 U.S. 1120 (1995). Unless good cause is shown to the contrary, "the opinion, diagnosis, and medical evidence of the treating physician, especially when the consultation has been over a considerable amount of time, should be accorded considerable weight." *Perez v. Schweike*, 653 F.2d 997, 1001 (5th Cir. 1981). "Good cause for abandoning the treating physician rule includes 'disregarding statements [by the treating physician] that are brief and conclusory, not supported by medically acceptable clinical laboratory

diagnostic techniques, or otherwise unsupported by evidence.'" *Legett,* 67 F.3d at 566 (citing *Greenspan,* 38 F.3d at 237).

Pain can impose both exertional and non-exertional limitations on an individual's ability to engage in substantial gainful activity. *See Dellolio v. Heckler*, 705 F.2d 123, 127 (5th Cir. 1983) Non-exertional limitations include difficulty functioning due to pain. 20 CFR 404.1569a(c)(1). Back pain causes a non-exertional limitation when it requires an individual to alternate periods of sitting and standing because such a requirement limits an individual's ability to perform a full range of sedentary work. *See Scott v. Shalala,* 30 F.3d 33, 35 (5th Cir. 1994) ("Pain may constitute a nonexertional factor that can limit the range of jobs a claimant can perform.").

Feldman contends that because Dr. Howard referenced the presence of her chronic pain and that she would have time off-task, the ALJ erred because she failed to give Dr. Howard's opinion controlling weight. However, in reviewing the Medical Source Statement completed by Dr. Howard, there is no evidence that he conducted an examination of Feldman prior to completing the form. The Court notes that the form is also not completely filled out. R. Doc. 12-7, Tr. 300-304. While he further does note a decrease in range of motion of her lumber spine by two degrees with stiffness and pain on and forward flexion of 60 degrees, extension limitation by 15 degrees and Rotation by 15 degrees, he summarily concluded that she frequently had pain. *Id.* at 301. He failed to however list any functional limitations in sitting, standing or walking but concluded that she could never twist, stoop, crouch, climb ladders and climb stairs. *Id.* at Tr. 304. Regarding the non-exertional limitation associated with stress, Dr. Howard indicated that she was incapable of working in even a "loss stress" job but he failed to provide any explanation for his conclusion. *Id.* at Tr. 302. Dr. Howard further concluded that she experiences pain frequently, her pain was severe

8

enough to interfere with the attention and concentration needed to perform even simple work tasks. *Id.*

The ALJ concluded however that the medical source statement of March 2012 was provided only minimal weight because the treatment records and progress notes do not support the extreme limitations he noted. The ALJ further noted that Feldman testified that she had not seen Dr. Howard since February 2013. R. Doc. 12-2, Tr. 18. For example in August 2015, Feldman reported that she was doing better since she has medications to control her pain. She reported however that she was continuing to have trouble sleeping and was uncomfortable. She confirmed that her pain was adequately controlled and that she had no numbness. *See* R. Doc. 12-7, Tr. 256. The Court finds that the ALJ's consideration of Feldman's non-exertional limitations due to pain is based upon substantial evidence.

### B.  Whether substantial evidence supports the ALJ's assessment of her treatment at Axcess Medical Clinic?

Feldman contends that the ALJ's conclusion that she voluntarily terminated her treatment with Axcess Medical Clinic was in error rendering her opinion lacking in substantial evidence. Feldman contends that the medical record from the clinic indicating that she no longer required services from the clinic was inaccurate and unreliable because she continued to receive treatment by the clinic three months after the date the form was completed. R. Doc. 13, p. 4. Feldman also contends that the ALJ erred because the evidence of record showed that she was forced to terminate her treatment at the clinic because of its closure and not because her health improved.

The Commissioner contends that while the ALJ mentioned the letter which referenced that the clinics services were no longer required, she also considered the evidence of additional treatment past the August 5, 2014 date. R. Doc. 15, p. 7-8. The Commissioner therefore contends

9

that consideration of the August letter if an error was harmless at most such that the opinion is based on substantial evidence. *Id.*

The law provides that procedural perfection is not required, and an adjudication of the Commissioner is not to be vacated unless a substantial right of the claimant has been adversely affected. The Fifth Circuit explained in a Social Security action involving a severity determination issue similar to the one presented in this action, that "[t]he major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988). *See also Carter v. Massey–Ferguson, Inc.,* 716 F.2d 344, 349 (5th Cir.1983); *Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519–20 (5th Cir. 1981).

The record confirms that the ALJ considered the August 5, 2014, letter. R. Doc. 12-2, Tr. 17. However the ALJ also mentioned the September 18, 2014, medical record of Dr. Barbara Bruce from Axcess Medical Clinic which indicated that she received further evaluation and treatment of low back pain and degenerative disc disease. *Id.* at Tr 18. The ALJ further noted that during the September visit Feldman reported that maneuvers such as lifting, sitting, or standing exacerbated her pain symptoms which were relieved with pain medication and a heating pad. *Id.* at Tr 18. The record confirms that the ALJ's reliance on the August 2014 letter was harmless because further consideration of the remaining record was considered such that the opinion is based on substantial evidence.

### C. Whether the ALJ's opinion is based upon substantial evidence because she failed to give controlling weight to Feldman's treating physician's opinion?

Finally, Feldman contends that the ALJ erred when she failed to give controlling weight to Feldman's treating physician's opinion. Feldman contends that the ALJ abused her discretion when she gave minimal weight to the Medical Source Statement completed by Dr. Michael

10

Howard. R. Doc. 13, p. 5.  Feldman contends that the medical source statement was well supported and not inconsistent with the other substantial evidence in the record such that the ALJ should have given controlling weight to the opinion and if not explain why she did not. *Id.*

The Commissioner contends that the ALJ properly considered the medical source statement provided by Dr. Howard and her decision to give minimal weight is supported because his treatment notes did not support the extreme limitation set forth. R. Doc. 15, p. 8.  The Commissioner contends that the ALJ did not reject Dr. Howard's opinion instead gave minimal weight   and nor was Dr. Howard the sole relevant medical opinion considered by the ALJ.  The Commissioner contends that the other first-hand medical opinions by the treating physicians from Axcess and Accurate Clinics as well as the residual functional capacity determination provide evidence of plaintiff's statement that her condition improved with medication.  *Id.* at p. 8-9.

The record illustrates that while the ALJ considered Dr. Howard's medical source statement and determined that it had some weight albeit minimal, she also considered the records of Dr. Barbara Bruce of Axcess and the records of Accurate Clinic. R. Doc. 12-2, Tr. 18.   In so doing, the ALJ noted that the treatment records from Axcess Medical Clinic indicated that there was conservative and successful medication management for continuing reports of back pain.  *Id.* The ALJ in evaluating the medical records noted that there was a negative straight leg raise test, full strength, normal reflexes, intact sensation and no significant spasms. *Id.* As noted in *Legett,* there is good cause for abandoning the treating physician rule includes the ALJ's ability to disregard statements such as by Dr. Howard which are brief and conclusory and not supported by acceptable clinical laboratory diagnostic techniques. *Legett,* 67 F.3d at 566. The ALJ is permitted to consider "any factors . . . which tend to support or contradict the opinion." 20 C.F.R. §

11

404.1527(c)(6). Therefore, the Court finds that the ALJ's decision to give minimal rather than controlling weight to Dr. Howard's opinion is based upon substantial evidence.

## VI. Recommendation

It is **RECOMMENDED** that the ALJ's decision denying Dawn Feldman's Supplemental Security Income Benefits be **AFFIRMED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United States Auto Ass`n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 15th day of February 2017

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**